ELVIRA CORTEZ (SBN 275626)
elvira.cortez@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500/ Fx: (619) 400-0501

Attorney for Defendant:
G4S Secure Solutions (USA) Inc.

JOHN HAUBRICH, JR. (SBN 228341)
John.Haubrich@lewisbrisbois.com
CHRISTINA M. GUERIN (SBN 210066)
Christina.Guerin@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Ph: (714) 545-9200/ Fx: (714) 850-1030

Attorney for Defendant:
G4S Compliance & Investigations, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC.; G4S COMPLIANCE & INVESTIGATIONS, INC., G4S COMPLIANCE & INVESTIGATION, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>(Removed from Los Angeles Superior Court, Case No. BC719357)<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(B) (DIVERSITY)** |

## NOTICE OF REMOVAL

To:	The Clerk and Honorable Judges of the United States District Court Central District of California.

Please Take Notice that Defendant G4S Secure Solutions (USA) Inc. ("G4S Secure Solutions") and Defendant G4S Compliance & Investigations, Inc.,

erroneously sued as G4S Compliance & Investigation ("G4S Compliance & Investigations, Inc.") (hereinafter collectively referred to as "Defendants"), without waiving the right to assert any defenses – including, without limitation, to challenge personal jurisdiction – file this Notice of Removal ("Notice") in accordance with 28 U.S.C. §§ 1332(a), 1441 and 1446 to remove to this Court the civil action filed in the Superior Court of the State of California for the County of Los Angeles, titled *Luis Heredia v. G4S Secure Solutions (USA) Inc., et al.*, Case No. BC719357, on the basis of diversity of citizenship.

## I.   JURISDICTION AND VENUE

1. Removal of this action is proper under 28 U.S.C. sections 1332(a) and 1441(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. (28 U.S.C. §§ 1332, 1441(a), 1446(b).)

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446, as set forth below.

## II.   STATE COURT ACTION

3. On August 27, 2018, Plaintiff Luis Heredia ("Plaintiff") filed a Complaint captioned *Luis Heredia v. G4S Secure Solutions (USA) Inc.*, *et al.* Case No. BC719357, against G4S Secure Solutions (USA), Inc., G4S Compliance & Investigations, Inc., G4S Compliance & Investigation and Does 1 through 20, inclusive, in California Superior Court for the County of Los Angeles ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint in the State Court Action is attached to this Notice as Exhibit A.

4. Plaintiff's Complaint arises out of his employment with G4S Compliance & Investigations, Inc. and generally alleges claims for: (1) discrimination in violation of FEHA; (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in

2.

a good faith interactive process in violation of FEHA; (6) wrongful termination in violation of public policy; (7) for declaratory judgment; (9) failure to provide meal and rest periods; (10) waiting time penalties; and (11) unfair competition. Plaintiff seeks no less than $29,070.00 for payment of meal and rest periods under Labor Code § 226.7; no less than $6,120.00 for waiting time period penalties under Labor Code §§ 201-203; and an unspecified amount of compensatory damages, lost wages, special damages, disgorgement of profits, punitive damages, penalties, interest, costs, expert witness fees and attorneys' fees.

5. Defendants dispute Plaintiff's allegations, believe that Plaintiff's Complaint lacks merit, and deny that Plaintiff has been harmed in any way.

6. Defendants were served with the State Court Action Summons and Complaint on October 3, 2018. This Notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

7. On October 31, 2018, G4S Compliance & Investigations, Inc. filed an Answer in the State Court Action. On or about September 13, 2018, the state court set a Case Management Conference for January 14, 2019. No proceedings or other filings other than as set forth herein have occurred in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the summons and all process, pleadings, and orders served upon Defendants in the State Court Action are attached and incorporated as Exhibit B.

8. For purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the purported "Doe" defendants Plaintiff included in the Complaint are irrelevant for removal and jurisdictional purposes.

### III. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

9. The above-referenced action is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one that may

3.

be removed to this Court by G4S pursuant to 28 U.S.C. § 1441.

10.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because: (a) the parties to this action are citizens of different states; and (b) the amount in controversy exceeds $75,000.

### A. There Is Complete Diversity Between Plaintiff and Defendants.

11.  There is (and was at the time the Complaint was filed) complete diversity between Plaintiff and Defendants. (See 28 U.S.C. § 1332(a)). The United States Supreme Court recently affirmed that a defendant need only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plan statement of the grounds for removal"; no evidentiary submissions need to be submitted. (*Dart Cherokee Basin Operating Co., LLC v.* Owens, 135 S. Ct. 547, 55 (2014), citing 28 U.S.C. § 1446(a).)

12.  Both at the time this action was filed and at the time of removal, Plaintiff was, and still is, a citizen of the State of California. Plaintiff alleges that "[Plaintiff] is and at all times relevant hereto was a resident of the State of California, County of Los Angeles." (Ex. A, Complaint, ¶ 2.) Accordingly, on information and belief, Defendants believe Plaintiff is a domiciled citizen of the State of California.

13.  Both at the time this action was filed and at the time of removal, G4S Secure Solutions is a corporation, registered in the State of Florida, with its headquarters and principal place of business in Jupiter, Florida. For the purposes of determining diversity jurisdiction, G4S Secure Solutions is not a citizen of California because it is neither incorporated in California nor does it have a principal place of business in California. (See Declaration of Michael Konstantakos, at ¶¶ 3-6). Plaintiff's Complaint further states that G4S Secure Solutions "was and is a Florida corporation…" (Ex. A, Complaint, ¶ 3.)

14.  Both at the time this action was filed and at the time of removal, G4S

Compliance & Investigations, Inc. is a corporation, registered in the State of North Carolina, with its headquarters and principal place of business in Raleigh, North Carolina. For purposes of determining diversity jurisdiction, G4S Compliance & Investigations, Inc. is not a citizen of California because it is neither incorporated in California nor does it have a principal place of business in California. (See Declaration of Aundria Bond ["Bond Decl."], at ¶¶ 3-5). Plaintiff's Complaint further states that G4S Compliance & Investigations, Inc. "was and is a North Carolina corporation…." (Ex. A, Complaint, ¶ 4.)

15. Plaintiff purports to name "Defendant G4S COMPLIANCE & INVESTIGATION" as "a business entity of unknown form residing in and doing business in the County of Los Angeles, State of California." (Ex. A, Complaint, ¶ 5.) However, "G4S COMPLIANCE & INVESTIGATION" is not a separate entity from G4S Compliance & Investigations, Inc.; rather, during Plaintiff's employment, G4S Compliance & Investigations, Inc. on occasion would utilize the phrase "G4S Compliance & Investigations" on its written materials. (Bond Decl., ¶ 6.) Accordingly, any reference in Plaintiff's Complaint to "G4S Compliance & Investigation" is irrelevant to diversity jurisdiction because the alleged entity does not exist. (*See e.g.*, *Jernigan v. Ashland Oil,* 989 F.2d 812, 816-817 (5th Cir. 1993)).

16. Because Plaintiff (a citizen of California) and Defendants G4S Secure Solutions and G4S Compliance & Investigations, Inc. (citizens of Florida and North Carolina, respectively) are not citizens of the same state, complete diversity exists between all parties and removal of this action is proper. (28 U.S.C. § 1332(a)(1).)

**B.  The Amount in Controversy Exceeds $75,000.**

17. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress, punitive damages and attorneys' fees (*See e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also*, *Vasquez v. Arvato Digital Servs.,* LLC, 2011 U.S. Dist. LEXIS 69154 at **6-11 (C.D. Cal. June 27,

5.

2011) [holding that, in a disability discrimination employment case, "the evidence Defendant presented regarding Plaintiff's claims for attorneys' fees, punitive and emotional distress damages, and the lost wages calculation, satisfy its burden of proving, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000."]; *Waddell v. Six Continents Hotels, Inc.,* 2016 U.S. Dist. LEXIS 1318, **5-10 (C.D. Cal. Jan. 5, 2016)).

18. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996)). The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010)).

19. Plaintiff does not quantify his damages in his alleged claims for: (1) discrimination; (2) retaliation; (3) failure to prevent discrimination and retaliation; (4) failure to provide reasonable accommodations; (5) failure to engage in the interactive process; (6) and wrongful termination in violation of public policy. Instead, Plaintiff claims he suffered damages including, but not limited to: compensatory damages, lost wages, special damages, disgorgement of profits, punitive damages, penalties, interest, costs, expert witness fees and attorneys' fees. (Ex. A, at Prayer for Relief).

20. Defendants deny all of Plaintiff's allegations and dispute that Plaintiff is entitled to any relief. Without prejudice to its defenses in this action, however, Defendants stipulates that the amount in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

6.

**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(B)**

Dinsmore &
Shohl LLP
San Diego

21. Considering Plaintiff's claims for: (1) lost wages; (2) compensatory damages; (3) disgorgement of profits; (4) punitive damages; and (5) attorneys' fees, it is facially apparent from the Complaint that the claims likely exceed $75,000. (Ex. A, at Prayer for Relief). As explained below, these alleged damages easily meet the $75,000 amount in controversy.

### 1. Plaintiff's Alleged Compensatory Damages Likely Exceed the $75,000 Jurisdictional Threshold.

22. In his Complaint and prayer for relief, Plaintiff requests that he receive compensation for his lost wages

23. Plaintiff earned an hourly "case rate" of $25.98 per hour, and an "administrative rate" of $10.50. During the year 2016, prior to Plaintiff going on medical leave, Plaintiff worked approximately 40 hours per week, with the great majority of those hours (approximately 35 hours on average) at the "case rate." Plaintiff earned approximately $44,750 prior to going on medical leave in early November 2016, or approximately $4,260 per month. (Bond Decl., ¶ 7).

24. Plaintiff allegedly was terminated in March 2017. (Ex. A, Complaint, ¶ 22.) Accordingly, from the time of his alleged termination in March 2017 to the filing of this Notice in November 2018, Plaintiff's alleged lost wages alone exceed the jurisdictional amount for this Court: $80,940.00 (not less than 19 months x $4,260.00).

25. Plaintiff also requests not less than $35,190 for Labor Code violations. (Ex. A, Complaint, ¶¶ 111, 115, Prayer.)

26. Plaintiff also requests emotional distress damages, disgorgement of profits, punitive damages, attorneys' fees and costs of suit. (Ex. A, Complaint, ¶¶ 30 [Plaintiff suffered "severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments"], 32, Prayer.) As set forth below, even individually, Plaintiff's claimed damages for emotional distress, and attorneys' fees could exceed the jurisdictional amount for this Court.

27. As a result, the preponderance of the evidence proves that the $75,000 amount in controversy is met.

### 2. Jury Verdicts in Similar Fair Employment and Housing Act Cases Illustrate that Plaintiff's Alleged Damages Would Satisfy this Court's $75,000 Jurisdictional Threshold.

28. In addition to lost wages, Plaintiff alleges that he has sustained non-economic damages, special damages and emotional distress, including but not limited to, "general damages for mental pain and anguish and emotional distress and loss of earning capacity" and requests judgment for these alleged damages. (Ex. A, at Prayer for Relief).

29. District Courts have allowed jury verdicts as evidence that the jurisdictional amount is met via emotional distress, precisely because claims for emotional distress tend to be substantial. *Saldana v. Home Depot USA, Inc.,* 2016 U.S. Dist. LEXIS 80064 at **8-11 (E.D. Cal. June 20, 2016).

30. Employment discrimination cases involving similar claims have resulted in jury verdicts significantly in excess of $75,000:

(a) *Jadwin v. County of Kern,* 2009 U.S. Dist. LEXIS 72369, (E.D. Cal. Aug. 6, 2009). Plaintiff alleged he was demoted following medical leave, discriminated against due to his disability, that his employer failed to accommodate his disability, and failed to engage in the interactive process. The jury awarded $505,557.

(b) *Mootz v. California Dep't of Corrections,* Case No. 05-AS-04214, 2008 WL 4210724, Superior Court of Sacramento County, March 27, 2008. Plaintiff alleged that she was discriminated against on the basis of her sexual orientation, harassed, retaliated against, and that her employer did not reasonably accommodate her physical disability or engage in the interactive process. The jury awarded $800,000 based on plaintiff's retaliation claims alone.

DINSMORE & SHOHL LLP
SAN DIEGO

**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(B)**

(c) *Ko v. The Square Group LLC,* Case No. BC-4877739, 2014 WL 3555573, Superior Court of Los Angeles County, June 16, 2014. Plaintiff alleged discrimination on the basis of her disability, failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation, failure to prevent discrimination/retaliation and wrongful termination. The jury awarded $723,645 based solely on Plaintiff's claims for failure to accommodate, failure to grant leave, and wrongful termination.

31. Given the similarities in claims and alleged damages between this case and *Jadwin, Mootz and Ko,* Plaintiff's emotional distress damages should be used to calculate the amount in controversy. *(See Saldana,* 2016 U.S. Dist. LEXIS 8006422 at *8-10).

**3. Jury Verdicts in Similar Fair Employment and Housing Act Cases Illustrate that Plaintiff's Claim for Attorney's Fees Satisfies this Court's $75,000 Jurisdictional Threshold.**

32. Attorney fee awards in similar Fair Employment and Housing Act ("FEHA") cases illustrate that Plaintiff's claim for attorneys' fees alone satisfies this Court's $75,000 jurisdictional threshold. Plaintiff seeks attorneys' fees. (Ex. A, at Prayer for Relief). California Government Code section 12965(b) authorizes attorneys' fees for cases brought under FEHA.

33. As a result, this Court may consider attorneys' fees in calculating the jurisdictional amount in controversy in disability discrimination and retaliation employment cases. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Saldana,* 2016 U.S. Dist. LEXIS 80064 at *8-10. The amount of attorney's fees in employment cases alone can eclipse the $75,000 in controversy requirement for diversity jurisdiction. (*Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ["[M]aintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."].)

9.

34. Even in settlements before trial, a plaintiff's attorneys' fees in a FEHA case can be substantial. *Lacy Percy-Marie v. San Francisco Zoological Society,* Case No. CGC-12-522507, San Francisco County Superior Court, March 3, 2014.

35. Here, it can reasonably be anticipated that Plaintiff's claims for attorneys' fees, along with other alleged damages will exceed the $75,000 threshold.

### III. VENUE IS PROPER IN THIS COURT

36. The place where the State Court Action was filed, the California Superior Court for the County of Los Angeles, is located within the Central District of California. (See 28 U.S.C. § 84(c)(2)). This Notice is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

### IV. DEFENDANTS SATISFIED 28 U.S.C. § 1446

37. Pursuant to 28 U.S.C. §1446(a), this Notice is accompanied by true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action. (Ex. A, B.)

38. As set forth above, this Notice is both timely and proper under 28 U.S.C. §1446(b). Defendants filed this Notice within thirty days of service of Plaintiff's Complaint.

39. Pursuant to 28 U.S.C. §1446(d), Defendants will give written notice of this removal to Plaintiff and shall file a copy of this Notice with the Clerk of the Los Angeles County Superior Court, which shall effect the removal and the State Court Action shall proceed no further.

40. No previous application has been made for the relief requested in this Notice.

WHEREFORE, Defendants remove this action, now pending in the LosAngeles Superior Court for the State of California, to this Court for all purposes, including trial. If any question arises as to the propriety of the removal of

this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position of that this case is removable.

DATED: November 2, 2018        DINSMORE & SHOHL LLP

By: */s/ Elvira Cortez*
Elvira Cortez (275626)
Attorney for Defendant
G4S Secure Solutions (USA) Inc.

DATED: November 2, 2018        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Christina M. Guerin*
John Haubrich, Jr. (SBN 228341)
Christina M. Guerin (SBN 210066)
Attorneys for Defendant G4S Compliance & Investigations, Inc.

## ATTESTATION OF ELECTRONIC SIGNATURES

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, on whose behalf this removal is submitted, concur in the filing's content and have authorized the filing.

DATED: November 2, 2018        Respectfully submitted,

**DINSMORE & SHOHL, LLP**

By: */s/Elvira Cortez*
Elvira Cortez
Attorneys for Defendant
G4S Secure Solutions (USA) Inc.

11.

**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(B)**